STATE *vs.* RALPH L. PERKINS.

Penobscot County.   Decided February 24, 1930.   At the May Term of the Superior Court in Bangor, respondent was arraigned on and pleaded not guilty to an indictment charging extortion, threatened extortion and the soliciting of bribes, as a private citizen and also as an executive officer of the state and as a town constable.

The indictment was drawn in nine counts. Later in the term two of the counts were nol-prossed, whereupon respondent, under leave of Court, retracted his plea of record and pleaded "nolo."

Subsequently, during the same term of court, the state's attorney moved for sentence on the fifth count, a sentence that would be much less serious than would sentence on certain other counts in the indictment.

Upon inquiry by the Court it was learned that the state's attorney, after sentence had been passed under count five, would move to have the Court order the indictment filed as to the remaining six counts therein.

The Court heard counsel's reasons for the procedure asked, with objections by counsel for the respondent, and announced that nothing said would justify him in filing the more serious charges and sentencing on one of less moment.

Counsel for the respondent objected to sentence that day being imposed under any count but the fifth, presenting that a great number of witnesses would be needed to set out the circumstances which he claimed would prove extenuating, and many character witnesses, and moved that the case be continued to the September Term for sentence.

This motion was granted, the Court saying, "I take it that it is fully understood by counsel and the respondent that when this case does come up for sentence it is open for sentence on each, any or all of the counts as the Court may decide." To this, counsel for the respondent rejoined, "I understand that is the position of the Court."

On the twenty-ninth day of the September Term, the respondent being in court for the purpose of sentence, his counsel, without previous notice to the court or to state's attorneys, filed a motion to retract the plea of nolo, and for leave to plead over.

The Court overruled this motion and respondent took exceptions.

The Court, of his own motion, then proceeded to pronounce sentence on one of the graver charges in the indictment and a second exception was taken because the Court proceeded without a motion for sentence by the state's attorney.

The second exception is not argued by counsel, and we may assume it is not relied on.

We find no abuse of judicial discretion in the course pursued by the Court below. Exceptions overruled. Judgment for the State. *Clement F. Robinson*, Attorney General, for the State. *Hinckley, Hinckley & Shesong*, for defendant.