STATE
*vs.*
CHESTER WING

Kennebec.   Opinion, November 16, 1954.

*Joseph B. Campbell,* for State.

*Niehoff & Niehoff,* for defendant.

SITTING:  WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ., THAXTER, A.R.J.   FELLOWS, C. J., did not sit.

BELIVEAU, J.   On exception.   The respondent at the June Term, 1954, of the Superior Court for Kennebec County filed a motion for permission to withdraw a plea of guilty, made by him, in the Augusta Municipal Court, April 17, 1954, and plead anew.

Testimony was taken on this motion and, after hearing, was denied by the presiding justice. An exception was seasonably taken to this ruling.

The respondent argues his exception should be sustained because the denial of the motion was an abuse of discretion by the justice.

*Commonwealth* v. *Crapo,* 212 Mass. 209, the respondent pleaded guilty in the lower court and appealed after sentence was imposed. In the Superior Court he seasonably filed a motion to withdraw the plea of guilty below and be allowed to plead anew. On this point the court said:

> "The appellate court, however, upon the defendant's application, which seems to have been made seasonably, could permit him to withdraw the plea below, and plead anew, if satisfied that his admission of guilt was not voluntary and intentional, but resulted from inadvertence."

It appears from the evidence, that the respondent, after he was arrested and before hearing in the Municipal Court, consulted a friend, a Police Officer, about the possible punishment he would receive and was informed that, because this was his first offense, the jail sentence imposed, if any, would probably be probated.

The officer had no connection, whatever, with the case and we gather from the evidence, he did no more than express his opinion as to the sentence to be expected.

The discussion with the officer was not as to the guilt or innocence of the respondent but as to the disposition of the case in the event he was found guilty. The officer's opinion would have no effect on the court below, was not intended to influence the respondent and could not be reasonably construed or interpreted to have any such meaning. The plea of guilty was voluntary and intentional.

The respondent argues in support of his exception that the denial of the aforesaid motion was an abuse of discretion by the justice.

It is well known law that permission to withdraw a plea of guilty and plead anew is wholly within the discretion of the justice, if there is no abuse of that discretion or the action is not arbitrary.

We find there is no semblance of abuse of discretion and the denial of the motion was within the sound discretion and judgment of the justice presiding.

*Exception overruled.*

*Judgment for the State.*