## No. 20965.

MICHAEL A. TOMEO, ET AL. *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(404 P.2d 287)

Decided July 19, 1965.

ROBERT T. KINGSLEY, ALBERT B. WOLF, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,

Deputy, JOHN E. BUSH, Assistant, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

BY writ of error Michael and Colleen Tomeo, husband and wife, seek reversal of an order of the trial court adjudging each to be in contempt of court and sentencing them to the county jail for a period of four months.

Pursuant to subpoena, both Michael and Colleen Tomeo appeared before a grand jury then sitting in Jefferson County. In each instance the witness in response to questions propounded by the District Attorney gave his or her name, and then refused to answer all other questions of the District Attorney, including even the question as to their place of residence. The transcript of the proceedings before the grand jury clearly indicates an unwillingness on the part of each witness to answer any and all questions of the District Attorney.

This refusal on the part of the Tomeos to answer questions before the grand jury was thereafter brought to the attention of the trial court. Upon hearing, the trial court inquired of each witness whether "if you were directed to answer those questions now before the grand jury, would your answer be the same"? Our review of the record fails to disclose that either of the Tomeos made a response to this inquiry of the court, although there was considerable colloquy between the court and counsel for the Tomeos. It may be that if one reads between the lines it might possibly be assumed that the Tomeos somehow answered the inquiry of the court in the affirmative. However, on review by writ of error we are bound by the record as we find it and are not at liberty to add to it by reading between the lines. Accordingly, neither of the Tomeos nor their counsel

having made any pronouncement in the presence of the court that the Tomeos would refuse to answer any and all questions which might be asked by the District Attorney before the grand jury, the instant case is therefore not governed by the blanket refusal rule enunciated in *Enrichi v. United States,* 212 F.2d 702.

In like vein, our review of the record fails to disclose any refusal by either of the Tomeos to answer a question or series of questions which the trial court found to be proper and which the trial court commanded the witness to answer. In fact, we find no clear and unequivocal order of the court that either witness answer any question. And such is true even though counsel for the Tomeos repeatedly inquired of the trial court as to whether the court was inclined to order the witnesses to answer.

The Attorney General with commendable candor concedes that he cannot point to any specific language of the court which could with propriety be labeled an "order," although the Attorney General contends that such was the "effect" of the trial court's several statements. Again, however, we are bound by the record as we find it, and we find no such order of court contained therein.

That the trial court failed to "order" the witnesses, or either of them, to answer is perhaps explained by the fact that the record would seem to indicate that the trial court was of the mistaken belief that the witnesses were in contempt because of their initial refusal to answer the questions of the District Attorney before the grand jury. In connection therewith the trial court opined as follows:

"The court, finding that the grand jury was properly constituted, and basing its decision upon the cases cited, feels that the witness here is in contempt of court for not answering the questions of the grand jury and sentences him to four months in the county jail."

We hold that proper disposition of this writ of error is controlled by *Clyde Smaldone v. People,* 158 Colo. 16, 404 P.2d 276. For the reasons set forth therein, the

judgments holding the Tomeos and each of them in contempt and the sentencing of each to four months in the county jail are reversed.