No. 20493.

Donald L. Isbell *v.* The People of the State
of Colorado.
(405 P.2d 744)

Decided September 13, 1965.    Rehearing denied October 4, 1965.

J. H. Boutcher, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Schauer delivered the opinion of the Court.

On May 1, 1961, an information was filed in the district court of Adams County, Colorado, charging plaintiff in error, hereinafter referred to as the defendant, with the crime of incest, in that, on April 2, 1961, he had feloniously cohabited with his own daughter, a minor child seventeen years of age, who will hereinafter be referred to as the complaining witness, daughter, or the girl.

On May 8, 1961, defendant, through his counsel, entered a plea of not guilty. The case was tried on October

31 and November 1, 1961, after which the jury disagreed and was discharged. The case was retried to a jury on February 13 and 14, 1962, resulting in a verdict of guilty. Motion for a new trial was filed on February 23, 1962, and a supplemental motion for a new trial, based upon allegedly newly discovered evidence, was filed on March 9, 1962. Both motions were denied on March 26, 1962. On April 23, 1962, defendant was denied probation and sentenced to the state penitentiary for a term of from three years to five years.

On November 13, 1963, defendant filed a motion for new trial in the form of *coram nobis*, which motion was denied on the same date. The reporter's transcript was lodged in this court on December 4, 1963. The writ of error is directed to the judgment of the trial court entered on the verdict of guilty and to the actions of the court in denying the various motions for a new trial.

Defendant's Summary of Argument sets forth the following assignments of error:

1. The verdict of the jury is against the law and the evidence;

2. the confession of the defendant should not have been admitted as it was not a voluntary one;

3. testimony as to complaints made by the prosecuting witness to others was hearsay and should not have been admitted;

4. the court erred in not granting a new trial on the newly discovered evidence (referring to the supplemental motion for new trial filed March 9, 1962);

5. the court abused its discretion in not hearing evidence on the issues presented under the affidavit and thereupon to judge whether the facts stated in the affidavit were true (referring to the motion for new trial in the form of *coram nobis*, and accompanying affidavit of prosecuting witness);

6. the court abused its discretion in refusing to grant a new trial when the chief witness for the State, whose testimony was the principal element in the conviction of

the defendant, repudiated her previous testimony stating that it was false (this also refers to the motion for new trial in the form of *coram nobis*).

We will first consider Arguments 1 and 2, jointly.

The People's case is based upon the testimony of the complaining witness, who was seventeen years of age at the time of the trial; the alleged confession of the defendant, and the testimony of other witnesses offered in corroboration. The defendant denies generally all of the material testimony presented by the People.

The complaining witness testified that her father, the defendant, commenced having sexual intercourse with her when she was but twelve years of age, at about the time her mother died, on June 15, 1956. Such relations continued with increasing frequency, until they became an established practice once or twice a week up to October or November of 1959, when she was seven months pregnant with the child of a neighbor's boy. The child was born on January 23, 1960, and five weeks later sexual intercourse between the complaining witness and her father was resumed and continued as frequently as once or twice a week, the last act occurring on April 2, 1961, as charged in the information.

The complaining witness made her complaint to the office of the sheriff of Adams County on April 18, 1961, and the defendant was arrested by deputies Handy and Sebastian on April 20, 1961. Being advised of the charge made, defendant denied the charge and was booked for investigation. He was placed in a cell with others and subsequently transferred to a cell occupied only by himself where he was allowed visitors, among which were two of his brothers. Five days thereafter, on April 25, he was taken into the office, at which time he agreed to make a statement. A recording device was set up, the microphone being set in front of him, and his statement was given in question and answer form, the questions being propounded by Officer Sebastian and the answers given by defendant. The questions and answers were

recorded on tape and then transcribed by a stenographer. Later the same day the questions and answers were read and signed by defendant. Defendant argues that this was not a voluntary statement and hence not admissible in evidence. It was received in evidence at the trial as People's Exhibit 1.

The testimony of Officer Sebastian, largely corroborated by Officer Handy who was also present, was to the effect that Sebastian first advised defendant of his right to counsel; that any statement he might make might be used against him, and that no threats were being made or promises held out as an inducement. Defendant was permitted to place a telephone call to an attorney, whom he did not find in his office, but the evidence does not show whether or not he made a further attempt. Defendant makes no claim that he was indigent and entitled to the services of an attorney under court appointment. No inference can be drawn from any of the testimony that he was indigent, and he raises no issue on this point.

The statement, when transcribed, was handed to the defendant. Officer Sebastian testified:

"He was asked to examine the statement, see if it was what he had previously stated, and if there were any corrections or errors that he might correct them — he looked over the statement, made two corrections, initialled them and initialled each page."

Defendant admits that he signed the statement at that time. However, he now seeks to have the statement excluded. He testified that when he was first brought to the office on April 20, just after his arrest, Sebastian had said that he, Sebastian, would see that defendant got twenty years, stating: "Take him upstairs and we will give him 20 years." Also, that when first taken to the office on April 25, the officer stated: "If you don't make a statement we will take you back upstairs. If you do make us a statement, it will go a lot easier on you."

The officers deny that any such statements were made.

During his testimony the defendant did not claim that either the statements attributed to the officers, other than the alleged promise to "go easy," or the fact that he had been confined in a separate cell induced him to make the statement referred to. He does not assert that he was nervous and that his eyesight was so poor that he could hardly read the typewritten statement. He made no complaint of this condition to the officers at the time of signing. The officers testified that defendant examined the statement for some time, moving his head back and forth as his eyes seemed to follow the type-written lines, then pointed out and initialled two typo-graphical errors, initialled the pages and signed the statement.

This statement sets out in detail the sordid story of defendant's sexual relations with his daughter over a period of several years and the indecent liberties taken by him during this period with two of her sisters, ages fifteen and eighteen. At the trial he testified in his own defense and, although he acknowledged that he had read, corrected, initialled and signed the statement, he maintained that he did not know its contents.

The trial court, confronted with the responsibility for determination, found, after hearing testimony in chambers, that Exhibit I was a voluntary statement or confession, admissible in evidence under the circum-stances presented. The record supports the finding of the trial court and the ruling will not be disturbed.

Defendant's Argument No. 3 is based upon the fact that the girl reported her father's conduct to various witnesses who testified at the trial. During the trial, however, the trial court was very careful in limiting the testimony to the fact that a complaint had been made, and excluded any testimony as to the facts reported. Had it not done so, the testimony of these witnesses as to facts related by the complaining witness would no doubt have been hearsay and inadmissible. 58 Am. Jur.,

*Witnesses,* §§ 817-820. The following rule, found in 20 Am. Jur., *Evidence,* § 457, is generally recognized:

"* * * In some instances, the fact that a statement was made, rather than the facts asserted in the statement, is material. * * *."

This rule has been followed in rape cases in Colorado. In *Dickens v. People,* 60 Colo. 141, 152 Pac. 909, the purpose of the exception is expressed in the opinion as follows:

"* * * The purpose for which evidence that complaint was made by the victim of the alleged offense is admissible is merely to corroborate or confirm her testimony by showing consistent conduct on her part.* * *."

In the case of *Pillod v. People,* 119 Colo. 116, 200 P.2d 919, a prosecution for indecent liberties, the court adopted the rules applicable in rape cases. As contended by the People in their brief, if the primary purpose for receiving the testimony to the effect that a complaint was made to corroborate or confirm the testimony of the prosecuting witness, such testimony should be admissible for the same purpose in the prosecution for sex offenses other than rape, where there are analogous reasons for such admission. In the case at bar, while the court followed the rule and refused to permit the witnesses to testify as to the facts related to them by the girl, thus preserving the record from error in this particular, the jury was not left in the dark and the complaining witness was not hesitant in testifying that she had told them of her sexual relations with her father. We find no merit in defendant's Argument No. 3.

█ In his argument No. 4, the defendant assigns error in the failure of the court to grant a new trial on his supplemental motion for a new trial based upon newly discovered evidence. This motion was supported by the affidavit of a boy friend to the effect that the complaining witness had told him that she was making up a charge against her father accusing him of incest in order that the two might consummate a marriage to

which defendant was opposed. An affidavit of defendant's attorney is also attached to this motion to the effect, only, that the evidence in the boy friend's affidavit was not known to him at the time of trial. There is no showing of record that diligent search and inquiry was made which failed to reveal the existence of this evidence prior to trial, or that the proferred testimony could not have been obtained by diligent search, nor that an investigation had been made which failed to disclose this evidence.

The motion was made after the conclusion of the second trial of the case, when the action had been pending for ten months. The showing of diligent search and inquiry is a cardinal prerequisite of a new trial based upon newly discovered evidence. Further, the girl had testified that she had told affiant of the relations between herself and her father; therefore, the newly discovered evidence would have served only to impeach her testimony. No reason is suggested why the jury should accept the truth of affiant's testimony rather than the conflicting testimony of the complaining witness. She did not testify that she wished to marry the affiant, nor that there had been any reason why she had not done so or could have done so on their Oklahoma vacation. We find no abuse of discretion in denying the motion.

Defendant's Argument No. 5 is addressed to the action of the trial court in dismissing defendant's motion for a new trial in the form of *coram nobis*. Defendant's sentence to the penitentiary was imposed on April 23, 1962, during the December 1961 term of the trial court. The verdict of the jury was returned, and the original motion for new trial and supplemental motion for new trial were filed and denied in the same term. The reporter's transcript was lodged in this court on October 15, 1962, and writ of error issued on December 8, 1962. The motion for a new trial in the form of *coram nobis* was not filed until November 13, 1963, during the June

1963 term of the court, being a term subsequent to the expiration of the term within which the judgment had been rendered. The trial court had been divested of jurisdiction and was without power to grant the request. The applicable rule has been fully established by former opinions of this court and is, therefore, the law in Colorado.

In the case of *Brooke v. People*, 139 Colo. 388, 339 P.2d 993, the rule was made applicable to a writ of error *coram nobis*. Defendant's motion to vacate the judgment and sentence, the motion being in the form of *coram nobis*, was denied. Because of the similarity of the facts in the *Brooke* case and the case at bar, we quote from the *Brooke* decision:

"* * * At the time of the filing of 'Motion to Vacate' the trial court had accepted the verdict of the jury, had denied the motion for new trial, had rendered a judgment of guilty on the jury verdict, and had sentenced the prisoner to the state penitentiary for the remainder of his natural life. Because the court had acted finally and conclusively in the matter and a writ of error had issued out of, and was pending in this court, jurisdiction of the case was vested entirely in this court, and the trial court had been divested of all jurisdiction in the cause other than to prepare and certify the record to this court in accordance with the applicable statute.* * *."

In the above case, the court held that the motion should have been dismissed instanter.

In the case at bar, the trial court was without jurisdiction to entertain defendant's motion for a new trial in the form of *coram nobis* after the expiration of the term of court at which defendant was convicted. This rule is no longer subject to doubt. When applied to the motion of defendant for a new trial in the form of *coram nobis*, we must hold that defendant's Argument No. 5 has no merit.

■ Argument No. 6 questions the exercise of discre-

tion of the trial judge in refusing to grant a new trial. Suffice it to say that an examination of the record reveals no abuse thereof.

██ The testimony of the prosecuting witness in this case, as given at the trial, was positive and unequivocal. In all material points it was corroborated by the voluntary confession of the defendant himself. In some particulars it was corroborated by other witnesses. In some, and especially as to the actual commission of the offense, it was positivily contradicted by the defendant at the trial. The question was solely one for the jurors. They have resolved it and that resolution met the approval of the trial judge, as is evidenced by the overruling of defendant's motions for new trial. The question, therefore, is not within our province. The jurors and the court saw and heard the witnesses and determined where credence should be given and where it should be withheld. We find in the record no reversible error. We further find that the evidence amply supports the verdict.

The judgment of the trial court is affirmed.