Opinion by
Mr. Justice Groves.
On behalf of the defendant (plaintiff in error here) it is argued that the trial court abused its discretion in refusing to allow the defendant to withdraw his plea of guilty and to reinstate earlier pleas of not guilty and not guilty by reason of insanity. We agree with this contention.
By information filed on December 9, 1964, the defendant was charged with statutory rape and four counts relating to indecent liberties. On December 24, 1964, he entered a plea of not guilty to all counts and trial was set for April 28, 1965. On the trial date defendant entered a plea of not guilty by reason of insanity to all *204 counts. The court vacated the trial setting and ordered the defendant committed to Colorado State Hospital for observation. Under date of May 24, 1965, the superintendent of the hospital advised the court that, “it is our opinion that he was legally sane at the time of the alleged commission of the crime and is legally sane at this time.” The court fixed a trial date of October 7, 1965. On that date defendant’s court-appointed attorney moved for a continuance on the grounds that he had located a doctor who was an indispensable witness; that he needed a week’s continuance to properly prepare his defense; that he had spent a great deal of time attempting to locate persons who knew of the defendant’s past mental condition; and that he had now “located the same.” The court overruled the motion and ordered that the matter proceed to trial. There was a recess during which the defendant and his attorney conferred. Following the recess the attorney asked that the plea of not guilty of statutory rape be withdrawn and a plea of guilty thereto be entered. The defendant indicated that he understood the consequences of such a plea and that he persisted therein, whereupon the court accepted it. The four counts relating to indecent liberties were dismissed on motion of the People and the court stated, “The previous plea of not guilty by reason of insanity shall be dismissed.” Counsel for defendant announced that the defendant would apply for probation and requested that the court invoke the provisions of the Sex Offender’s Act. This act as it then existed is to be found in C.R.S. 1963, 39-13. Pursuant to the act the court appointed Dr. J. P. Hilton and Dr. Edward Delehanty, Jr. to examine the defendant and report as to his mental condition.
The doctors reported by letters addressed to the trial judge. In his letter Dr. Hilton stated that he found that the defendant had chronic schizophrenia with paranoid coloring; that he had had chronic mental illness since puberty; that he should have long term institutional *205 treatment for his condition, from which he might never recover; that on September 2, 1958, he was examined at Colorado Psychopathic Hospital for hallucinations; that in March 1961 he shot himself in the head, the bullet never having been removed from his skull; that on August 8, 1961, he was found incompetent by reason of chronic schizophrenia and was committed to the State Hospital at Pueblo; and that his mother, half-brother and half-sister had all been treated at the Colorado State Hospital at Pueblo. Dr. Delehanty reported that the defendant was a schizophrenic reaction type with marked sociopathic manifestations; and that he was legally insane at the time of the doctor’s examination and probably was so at the time of the alleged commission of the crime.
Following the filing of Dr. Hilton’s report and on the strength thereof, defendant’s counsel moved that the defendant be permitted to withdraw his plea of guilty and reinstate his plea of not guilty and not guilty by reason of insanity. At a hearing on November 8, 1965, the court denied the motion, except that he set a hearing for December 23, 1965, for the limited purpose of ascertaining whether or not at the time of the plea of guilty the defendant could understand and appreciate the plea and the nature and extent thereof. A hearing on this motion was held oh December 23, 1965, at which Dr. Delehanty and Dr. Hilton were witnesses. Each testified that the defendant was legally insane at the time of the alleged commission of the crime and at the time of entry of the plea of guilty, and that the defendant was unable to refrain from doing wrong.
The court entered an order committing the defendant to the psychopathic ward of Colorado General Hospital, “for examination and determinating (sic) if said defendant understood nature of plea entered on the 7th day October A.D. 1965.” The last named hospital later reported to the court that the defendant was sane at .the time of examination and at the time of entry of his plea. *206 At a hearing on February 21, 1966, defendant’s counsel renewed his motion to be permitted to withdraw the guilty plea and enter pleas of not guilty and not guilty by reason of insanity. The court denied the motion and sentenced the defendant to an indeterminate term in the State Penitentiary of a minimum of one day and a maximum of his natural life. The court granted a 10-day stay of execution.
The defendant’s attorney then moved for the appointment of a psychiatrist or psychiatrists to determine whether the defendant became legally insane after the alleged commission of the offense and after entry of judgment, and also moved that a jury be impaneled to determine these matters. These motions were denied. The court refused to grant a further stay of execution.
In Champion v. The People, 124 Colo. 253, 236 P.2d 127, it was stated:

“Did the trial court abuse its discretion in denying the motion to vacate judgment and conviction and for leave to withdraw pleas of guilty?

“This question is answered in the affirmative. Generally, it is well settled that a motion by a defendant to withdraw a plea of guilty is addressed to the sound discretion of the trial court. Abshier v. People, 87 Colo. 507, 289 Pac. 1081. In 14 American Jurisprudence, page 961, section 287, we find the following statement: ‘As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances. Generally, however, it may be said that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. * * * Leave should ordinarily be given to withdraw a plea of guilty * * * even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.’ ”
*207 The following apt quotation is from People v. Ross, 409 Ill. 599, 100 N.E.2d 923:
“This court has long adhered to the rule that although the record in the case shows that a defendant was duly admonished and informed of the effect of his plea of guilty, a request to change a plea from one of ‘guilty’ to ‘not guilty’ should, in the exercise of discretion, be granted where it appears that the guilty plea was entered through a misapprehension of the law, or where it appears there is doubt of guilt, or any defense exists at all worthy of consideration by a jury, or where the ends of justice will best be served by permitting a plea of not guilty in its stead.”
After it appeared that Dr. Hilton and Dr. Delehanty were of the opinion that the defendant was insane and had been for many years, it was improper for the court to exclude the consideration of these opinions in favor of contrary opinions of other psychiatrists. There was a disputed question as to the defendant’s sanity and he was entitled to have a jury pass on it. As stated at the beginning of this opinion, it was an abuse of discretion to deny this to the defendant.
The judgment is reversed and the cause remanded with instructions that there be granted the defendant’s original motion to withdraw the plea of guilty and to enter pleas of not guilty and not guilty by reason of insanity, and that the matter proceed from there.
Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Kelley concur.