No. 23681.

ALFRED P. PIERAMICO *v.* THE PEOPLE OF THE STATE OF COLORADO.

(478 P.2d 304)

Decided December 14, 1970.

CARVELL & HENDRICKS, TERRY D. HENDRICKS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

PLAINTIFF in error, hereinafter referred to as the defendant, was convicted of aggravated robbery. This writ of error is brought on his behalf from that conviction and sentence.

Defendant was convicted on the adverse testimony of two accomplices. They testified that they and the defendant, and a fourth party named Simms, were planning to rob a 7-11 store in the Colorado Springs area. However, upon finding the one they had decided to rob to be too crowded, they located a Quality Oil Service Station. While the accomplices waited in the front seat of the car, defendant and Simms went in. Neither accomplice actually saw defendant enter the station, nor were they able to identify defendant in the station by any method other than his physical size. On leaving the sta-

tion, defendant and Simms returned to the car with the money. The four then left the scene of the crime.

Three men were in the station when it was robbed. They testified that the station was well lighted at the time of the robbery, and that neither robber attempted to disguise his facial features. One accomplice testified that except for his dress, defendant looked the same at trial as he did on the night of the robbery. The importance of this is that none of the victims was able to identify defendant as being at the scene of the robbery either at a lineup the following day or at trial. Nonetheless, the jury believed the accomplices, and found the defendant guilty.

Defendant raises eight allegations of error, namely: (1) That the trial court failed to give a proper instruction concerning conviction on the uncorroborated testimony of accomplices, (2) that the trial court should have instructed the jury defining an accessory, (3) that the trial court gave improper instructions regarding circumstantial evidence, (4) that it was reversible error to allow one Mr. Thomas to prosecute the case as he also had a private practice, (5) that a mistrial should have been granted when a witness connected defendant to a gang known as the "Disciples," (6) that the trial court was required to grant a new trial since defendant was allegedly escorted into court in handcuffs, (7) that the trial court should have granted a motion for new trial when defendant offered proof of an alibi based on new evidence discovered after trial, and (8) that the evidence was not sufficient to support a verdict of guilty. We have considered all eight of these allegations, and since we find no error, we affirm.

I.

Defendant argues that the only evidence in the record sufficient to convict him comes from two accomplices and that this testimony is uncorroborated. He concedes that in Colorado one may be convicted on the uncorroborated testimony of an accomplice, but argues

that the instruction which advised the jury that great care and caution should be exercised by the jury in considering this testimony did not sufficiently protect his rights. He contends that the instruction should have in addition advised the jury that such evidence must show the guilt of the defendant beyond a reasonable doubt.

We have held in *Ellis v. People,* 114 Colo. 334, 164 P.2d 733, that an instruction similar in import to that given here does not constitute reversible error. However, we again recommend to trial courts that they heed our direction in *Ellis* as to the better practice to be followed in dealing with such an instruction. Here the jury was advised by other instructions that the evidence must convince it of guilt beyond a reasonable doubt before it could convict. Since the only evidence was that of the accomplices, it is clear that the jury was advised that that evidence must convince it beyond a reasonable doubt before conviction was permitted. Upon a consideration of all the instructions given, we find no reversible error here.

II.

■ The defendant argues that pertinent instructions describing an accessory should have been given to the jury. Actually, defendant was not charged with being an accessory, nor was there any evidence introduced to indicate that this might be the case. Without any such evidence, it would have been highly improper to allow the jury to convict the defendant of the crime of accessory during or after the fact. *Goddard v. People,* 172 Colo. 498, 474 P.2d 210; *Martinez v. People,* 166 Colo. 524, 444 P.2d 641.

III.

■ Defendant next argues that the court's instruction pertaining to circumstantial evidence was incomplete. This argument is wholly without merit. Instruction #10 reads:

"What is meant by circumstantial evidence in criminal cases, is the proof of facts and circumstances connected

with or surrounding the commission of the crime charge [sic]; and if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such proof is sufficient to authorize a jury in finding a verdict of guilty. In order to convict a defendant upon circumstantial evidence alone, the circumstances relied upon must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence."

We are of the opinion that this instruction correctly and adequately informs the jury as to the proper law to be applied to this particular facet of the case.

## IV.

■ Defendant claims that it was reversible error for one Mr. Thomas to prosecute him as Mr. Thomas also had a private practice. The statutes, 1967 Perm. Supp., C.R.S. 1963, 45-3-1(4) and 45-3-3(1)(a), provide that deputy district attorneys in judicial districts having a population in excess of 74,000 must not engage in private practice and that they must maintain regular office hours. When this point was broached to the trial court prior to trial, Mr. Thomas indicated that during the course of this trial he would not in any way engage in his private practice. Whether it was proper for the trial judge to allow Mr. Thomas to go ahead is irrelevant. The fact remains that defendant was in no way prejudiced by Thomas' prosecuting the case. We find no reversible error.

## V.

■ During the course of the trial, a prosecuting witness gave an unresponsive answer to a question posed by Mr. Thomas. The answer stated that at the address at which the witness lived "we had a gang known as the Disciples." Counsel for defendant moved for a mistrial, which motion was denied. No more was thereafter said. The cases in Colorado are too numerous to warrant citations to the effect that a motion for a mistrial is directed to the sound discretion of the trial judge and

will not be upset on review except where an abuse of discretion is shown. Defendant was not linked with the gang by this casual remark except that he lived in the same motel. We find no abuse of discretion.

## VI.

■■■ Defendant alleges that he was denied a fair trial as he was led into the courtroom during trial in handcuffs. This is a serious matter which would normally warrant our attention if there were *anything* in the record to substantiate the charge. As the record is barren of any reference to the defendant being handcuffed and led into court, we are unable to act on the allegation. It is only when error is in some way preserved on the record that this court can take action. *Tomeo v. People,* 158 Colo. 26, 404 P.2d 287.

## VII.

■■■ After the trial was completed and the verdict had been entered, defendant filed a motion for a new trial based on newly discovered evidence. This new evidence is that one William York would now testify that he was with the defendant during the time the robbery allegedly ocurred. Colo. R. Crim. P. 22 does allow for the granting of a new trial where newly discovered evidence is involved, but in *Isbell v. People,* 158 Colo. 126, 405 P.2d 744, we explained that, "[t]he showing of diligent search and inquiry is a cardinal prerequisite of a new trial based upon newly discovered evidence." *Isbell* at 133, 405 P.2d at 747-48. As defendant is arguing here that he was with York at the time of the robbery, it would necessarily follow that he must have been aware of this fact during the trial. For this reason, we are of the opinion that defendant cannot now claim that due diligence would not have turned up this new evidence.

## VIII.

■■■ Defendant's final argument is that the evidence introduced against him at trial was insufficient to support a verdict of guilty, and therefore the trial judge

was required to direct the verdict of acquittal. We disagree. Assuming that the evidence given by the accomplices here was uncorroborated, in Colorado one may, as we have pointed out, be convicted upon such uncorroborated testimony. *People v. Boutcher,* 89 Colo. 497, 4 P.2d 910; *Hoffman v. People,* 72 Colo. 552, 212 P. 848. It is axiomatic in criminal law that the credibility of witnesses is a matter reserved solely for the jury. In this case the jury heard testimony of two accomplices clearly and convincingly incriminating the defendant. The fact that none of the victims was able to properly identify the defendant is a question relating solely to the weight to be given to the testimony of the accomplices. Where there is evidence in the record, which, if believed, is sufficient to convict, we will not substitute our weighing of the evidence for that of the jury.

The judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.