## No. 27711

### The People of the State of Colorado v. Bernardino Mendoza
(575 P.2d 403)

Decided February 21, 1978. Opinion modified and as modified rehearing denied March 13, 1978.

J. D. MacFarlane, Attorney General, David A. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, for plaintiff-appellee.

Milton Berger, Tinsley, Frantz, Fleming and Davidson, P.C., Albert T. Frantz, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This case comes to us as an appeal of the district court's denial of a motion for a new trial and a motion for Crim. P. 35(b) postconviction relief.

On February 6, 1973, the defendant was charged with the first-degree murder of his wife's male companion. He initially pled not guilty by reason of insanity. The district court committed him to the University of Colorado Psychiatric Hospital for examination. Pursuant thereto, a psychiatric report was filed with the court expressing the opinion that the defendant was competent to proceed and was "legally sane at the time of the alleged crime."

On January 15, 1974, the defendant pled guilty to an amended charge of second-degree murder. He was sentenced to the state reformatory for an indeterminate period not to exceed ten years.

After the defendant was paroled from the reformatory he was examined by a psychiatrist. He was of the opinion that at the time of the shooting the defendant "was experiencing a temporary insanity." Based upon this report, on November 7, 1975 the defendant filed a motion for a new trial. After a hearing, this motion was denied. The defendant subsequently filed a Crim. P. 35(b) motion to vacate or set aside the judgment. The district court also denied this motion.

The issue before us is whether a postconviction remedy on the grounds of newly discovered evidence should have been granted in this case. We hold the district court did not commit error in denying the postconviction relief.

A general prerequisite for all postconviction relief by reason of newly discovered evidence is that due diligence was exercised at the time of the initial proceedings. Crim. P. 35(b)(1) provides:

"An application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:
* * * *

"(V) That there exists evidence of material facts, not theretofore presented and heard, *which, by the exercise of reasonable diligence, could not have been known to or learned of by the defendant or his attorney prior to the submission of the issues to the court or jury*, and which requires vacation of the conviction or sentence in the interest of justice;" (emphasis added)

*See also, Isabell v. People*, 158 Colo. 126, 405 P.2d 744 (1965); *Pieramico v. People*, 173 Colo. 276, 478 P.2d 304 (1970). Even if we assume that under the proper circumstances subsequent psychiatric opinions could constitute newly discovered evidence for postconviction relief, it is clear that the due diligence requirement was not satisfied in this case. There was no showing that the defendant made any attempt to have further psychiatric examination made before he entered his plea. Also, there was no showing that such examination could not have been obtained.

The defendant relies upon *Abad v. People*, 168 Colo. 202, 450 P.2d 327 (1969) to support his contention. The facts of that case, however, are substantially different from those at hand. It is clear that in that case a concerted effort was being made at the time of the initial proceeding to discover other psychiatric evidence.

Prior to trial in *Abad* the defendant's attorney was making every effort to locate psychiatric witnesses to counter opinions of doctors at the State Hospital to the effect that the defendant was sane at the time of the commission of the crime. On the date the case was set for trial he informed the court that he had finally located these witnesses and asked for a one week continuance to properly prepare his case. The trial court denied the continuance and ordered that the matter proceed to trial. Under these circumstances the defendant withdrew his plea of not guilty and entered a plea of guilty. Subsequent examination at the Colorado Psychopathic Hospital, pursuant to the Sex Offenders Act,[1] revealed a very high degree of probability that the defendant was, in fact, legally insane at the time of commission of the crime. Following the filing of the Sex Offenders

---

[1] C.R.S. 1963, 39-19-1, *et seq.*, succeeded by sections 16-13-201 *et seq.*, C.R.S. 1973.

report the defendant's attorney moved that the defendant be permitted to withdraw his plea of guilty and reinstate his plea of not guilty by reason of insanity. The sentencing court denied this motion. This court then held that this was an abuse of discretion and reversed.

The defendant also raises the point that he was unable to plead knowingly due to language and cultural barriers. We find no merit in this contention. There is more than adequate evidence to support the district court's conclusion that the defendant understood what was taking place.

We also find no merit in the defendant's contention that the statute under which he was convicted is unconstitutional. His argument is that the distinctions between the first-degree and second-degree murder statutes (sections 18-3-102, 103, C.R.S. 1973) are too inconsequential to satisfy due process requirements and the informational requirements of *Colo. Const.* Art. II, Sec. 16. We adhere to our decision in *People v. Sneed*, 183 Colo. 96, 514 P.2d 776 (1973), that the statutes are constitutional.

Judgment affirmed.