STATE of Maine

v.

Michael BOONE.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1981.

Decided April 30, 1982.

Charles K. Leadbetter, Joseph A. Wannemacher, Matthew F. Dyer (orally), Wayne S. Moss, Asst. Attys. Gen., Augusta, for plaintiff.

J. Hilary Billings (orally), Marshall A. Stern, Jerome B. Goldsmith, Bangor, for defendant.

Before McKUSICK, C. J., ROBERTS, CARTER and VIOLETTE, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

On September 24, 1980, the defendant, Michael Boone, entered pleas of nolo contendere in the Superior Court, Kennebec County, to the respective charges of theft by deception,[1] tampering with public records or information,[2] and perjury.[3] On November 21, 1980, the date set for sentencing, the defendant filed with the court a motion to withdraw his previous pleas of nolo contendere, accompanied by his personal affidavit in support thereof.[4] The plea-withdrawal motion, signed by the defendant's attorney, grounded Boone's request to be relieved of his pleas of nolo contendere on the stated reason that Boone "is not guilty of the offenses charged in the indictments and that such plea of nolo contendere was entered improvidently and without understanding by the defendant of the nature of the charges, the effect of the plea and his rights as more fully shown in the defendant's affidavit attached hereto." After hearing Dr. Saunders' expert testimony and receiving briefs relating to the law applicable in such a proceeding, the trial justice denied the motion. On appeal to this Court, the defendant argues that the trial justice abused his discretion and that the defendant's conviction should be set aside. We disagree and affirm the judgments below.

The reference criminal charges arose out of the defendant's chiropractic practice. The indictments severally allege in more specific detail that the defendant fraudulently obtained reimbursement from the Maine Medicaid program for services never rendered; that he knowingly made false entries in, or false alterations of, records and documents required by law to be maintained in connection with his chiropractic practice in furtherance of the stated conspiracy with his wife to defraud the Maine Medicaid program; and that he falsely testified before the grand jury that he did not knowingly engage in any action in his office that was done intentionally to defraud any governmental agency.

At the hearing on the defendant's motion to withdraw his pleas of nolo contendere, the trial justice, as stated previously, received the expert testimony of Dr. Saunders whose qualifications as a psychologist were not contested. Dr. Saunders testified that some two weeks following the entry of the nolo contendere pleas, Boone sought him out for evaluation and psychotherapy treatment. Newspaper articles and television broadcasts to the effect that he was found guilty of the crimes charged following his entering of pleas of nolo contendere to the charges had made Boone realize, so he told the doctor, that he was confused and did not understand what had transpired in the court proceedings. Following a number of interviews with Boone and the administration of several standardized psychological tests including the well-known Rorschach ink-blot test, Saunders gave it as his opinion that the defendant was seriously disturbed, disoriented and most likely psychotic, that this condition was probably of long standing and that at the time he entered his pleas of nolo contendere he did not understand what was going on around him and was not mentally competent. Dr. Saunders did concede that under the Wexler Adult Intelligence Scale the defendant demonstrated a high average full scale IQ range of 116, which would have been 123, if a

1. 17–A M.R.S.A. § 354 (Supp.1981).

2. 17–A M.R.S.A. § 456 (Supp.1981).

3. 17–A M.R.S.A. § 451 (Supp.1981).

4. The defendant's affidavit, in pertinent part, stated the following:

On September 24, 1980, I changed my pleas to nolo contendere. When the plea of nolo contendere was made, I was in a confused state of mind and had been for some time prior to my plea. Although everybody, including my lawyers and the judge, tried to explain my rights to me, I did not have a clear understanding because of the condition of my mind at the time as to appreciate what was going on.

Since changing my pleas, I have sought professional help from Dr. Bruce Saunders .... for my condition.

Dr. Saunders has helped me significantly— enough to bring me to a clearer state of mind and I now know that I wish to plead not guilty and have the right to a jury trial.

short term memory deficiency condition were discounted. Saunders agreed that the 123 IQ reflected a superior range of intelligence and was much more consistent with the defendant's achievement to date. As to the short term memory deficiency, the psychologist stated that he would not be able to tell whether that condition had been effected by variables of long standing or was brought about by the recent events of a criminal investigation and prosecution.

■ Rule 32(d), M.R.Crim.P., provides that

[a] motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended.[5]

In the instant case, the motion was brought on the ground that the defendant was mentally incompetent at the time of the taking of his nolo pleas. The motion was a proper vehicle to test the validity of the defendant's pleas under the rule, even though made at the last instance on the very day set for sentencing. The conviction of a person by the acceptance of a plea of guilty or nolo contendere when that person is afflicted with such mental incompetence as renders him incapable of rational as well as factual understanding of the nature of the offense to which he enters the plea and of the proceedings at hand, including the consequences involved in the giving of such plea, would violate the most basic principles of due process. *See State v. Furrow*, Me., 424 A.2d 694, 698 (1981); *State v. Dyer*, Me., 371 A.2d 1079, 1085 (1977).

We said in *State v. Gilcott*, Me., 420 A.2d 1238, 1239 (1980), that a pre-sentence motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. *See also State v. Wing*, 150 Me. 290, 110 A.2d 597 (1954). The same would be true respecting the withdrawal of the plea of nolo contendere. *See State v. Perkins*, 129 Me. 477, 149 A. 148 (1930); *State v. Siddall*, 103 Me. 144, 68 A. 634 (1907).

Courts in general have held that pre-sentence plea-withdrawal motions should be freely allowed in the interests of justice. *United States v. Roberts*, D.C.Cir., 570 F.2d 999, 1008 (1977); *United States v. Read*, 9th Cir., 534 F.2d 858, 859 (1976). We fully agree with the doctrine of liberal application of Rule 32(d) relating to plea withdrawals.

■ But a defendant's right before sentence to withdraw his previously entered incriminating plea is not an absolute right to be exercised arbitrarily. *United States v. McCoy*, 5th Cir., 477 F.2d 550, 551 (1973). In *State v. Gilcott, supra*, this Court held that there was no abuse of discretion in denying the motion to withdraw the plea, where the proven reasons for such relief were viewed as "not compelling": (1) the defendant's personal upset caused by the publicity given the case and its impact upon his family; (2) his state of confusion allegedly brought about by his attorney's advice to plead guilty, where there was no evidence that the advice of counsel was misleading, and (3) his subjective belief that he did not think he was guilty; which sharply contrasted with his admissions at the Rule 11 hearing.

■ The liberality with which Rule 32(d) must be applied does not preclude the exercise of sound judicial discretion, but rather contemplates that the court will be guided and controlled, in providing or refusing relief, upon the facts and circumstances of each particular case with the ultimate purpose of furthering justice. *See United States v. Youpee*, 9th Cir., 419 F.2d 1340 (1969).

Rule 11, M.R.Crim.P., mandates that, except for crimes in the Class D and E classification, before accepting a plea of guilty or nolo contendere to the charge of a crime of a higher classification, the trial court must, first, assure itself through personal inquiry

---

5. When an issue of the mental competence of an accused to enter his plea of guilty or nolo contendere to the criminal charge is raised after sentence has been imposed or the imposition of sentence has been suspended, remedial relief therein, if any, must be obtained in post conviction review proceedings provided by 15 M.R.S.A. § 2121 et seq. *See State v. Vane*, Me., 322 A.2d 58, 62 (1974).

of the defendant in open court that the plea is voluntarily made and that it is a knowledgeable plea. In connection with the defendant's knowledgeability or understanding of his plea, the rule requires the trial court specifically to inform the defendant and make sure that he understands the nature of the accusation against him, in other words, the court must inform him of the elements of the crime charged, including the maximum possible sentence and any mandatory minimum sentence imposable. The court must also advise the defendant that by pleading guilty or nolo contendere the defendant is relinquishing his right to a trial, including his right to a speedy and public trial, and his right to be considered innocent until proven guilty by the state beyond a reasonable doubt, and his right to confront and cross-examine witnesses against him, and his right to present witnesses on his behalf and the right to either be or decline to be a witness on his own behalf. Secondly, the court must satisfy itself, not necessarily by personal address of the defendant, of the accuracy of the plea, *i.e.* that there is a factual basis for the charge. *See ·Cote v. State,* Me., 286 A.2d 868, 869–70 (1972); Rule 11(b), (c) and (d). The trial justice in this case religiously discharged his obligations under Rule 11 *to the letter thereof.*

The trial justice, in the course of the proceeding, further advised the defendant, and received a positive acknowledgment thereon from the defendant, that, although the plea of nolo contendere might afford him some protection from other litigation, *i.e.* civil litigation, such a plea acts as an admission of guilt for the purpose of the court and that the court makes a finding of guilt upon such a plea; also, if the plea of nolo contendere is accepted, the defendant would not be entitled to withdraw it at a later point in time, particularly after sentencing.

This was the particular factual setting within which in less than a month the motion to withdraw the defendant's plea of nolo contendere was made to the court on the basis of Dr. Saunders' testimony that Boone was mentally incompetent at the time of his plea. The court's decision on the motion was not made extemporaneously, but was the result of a thorough judicial analysis of the full record before the court and the exercise of a sound discretion.[6]

 Because due process concerns underlie the extension of special protection to defendants requesting the withdrawal of previously entered pre-sentence incriminating pleas on the ground of mental incompetence, once a defendant, as the movant in the plea-withdrawal hearing, makes a prima facie showing from which the trial judge may reasonably suspect that the defendant was not mentally competent at the time he entered his plea, we rule that the burden then shifts to the State to show by clear and convincing evidence that the defendant was in fact mentally competent to enter his plea. *See State v. Cefalo,* Me., 396 A.2d 233 (1979). *Cf. Littlefield v. State,* Me., 429 A.2d 1006, 1009 (1981); *Cote v. State,* Me., *supra* at 875. In the instant case, the trial justice concluded from the whole record that

> [t]he Defendant presented himself in Court as a person of substantial intellect, who while admittedly under pressure from the pendency of these charges, was competent and who entered his pleas freely, voluntarily and with full knowledge and understanding.

And, his conclusions were based on extended positive findings, as follows:

> The Court has had a full and complete opportunity to observe the Defendant in the courtroom conferring with his attorney, speaking directly to the Court and responding to inquiries in connection with the Rule 11 proceedings.

---

**6.** At the hearing on the motion, the presiding justice had permitted the postponement of cross-examination of Dr. Saunders and the appointment of a second expert, if deemed necessary by the court. This is a practice which does not meet with our approval, since it may finalize a case on less than a full record and deprive the Law Court of that complete documentation necessary for an informed review of the issue on appeal. In the instant case, however, the irregular procedure did not impair the justice's decision.

Based upon the Court's contact with the Defendant on September 24, 1980, the Court is satisfied that the Defendant understood the elements of the charges which were brought against him, the roles and functions of those persons present in court, including his own counsel, the District Attorney, and the Presiding Justice, that he was entitled to trial and that indeed trial was scheduled for that day and that he understood the function of the jury and that he was fully aware of the significance of his plea of nolo contendere; specifically that it would result in a finding of guilty by the Court and that the Court would proceed to impose an appropriate sentence.

A review of the transcript of the Rule 11 proceedings satisfies this Court that not only was the Defendant competent, but that. . . .

Even though the presiding justice did not articulate the procedural mechanism of the shifting of the burden on the State to show by clear and convincing evidence that the defendant was in fact mentally competent to enter his plea upon the defendant's prima facie showing of a reasonable suspicion of mental incompetency at the time, this omission in the circumstances of this case where the justice made specific positive findings on all material facts did not prejudice the defendant in any way.

▆ The findings of the justice below, with respect to the mental competence of the defendant at the time he entered his pleas of nolo contendere and the ultimate voluntariness and accuracy of said pleas, are clearly supported by the present record, are not clearly erroneous and cannot be disturbed on appeal.

The following factors may be enumerated in support of the decision of the Superior Court justice. He found that there was no prejudice to the State, a factor deemed not controlling anyway. *State v. Gilcott, supra,* at 1239; *United States v. Saft,* 2nd Cir., 558 F.2d 1073, 1083 (1977). The trial court had full opportunity to observe the defendant.

*State v. Dyer,* Me., 371 A.2d 1079, 1086 (1977). There was no suggestion whatsoever by counsel at the Rule 11 hearing that the defendant presented any problem on account of any psychological condition. *State v. Dyer, supra,* at 1086; *Littlefield v. State, supra,* at 1008. The defendant was represented by competent counsel who must be presumed to have concluded that Boone understood the consequences, sentence-wise, of entering a plea of nolo contendere to protect himself against civil liability instead of pleading guilty to the charges. *See Zaffarano v. United States,* 9th Cir., 330 F.2d 114, 115 (1964). The difference in the pleas was fully explained by the presiding justice to the defendant who unequivocally acknowledged his understanding thereof. It is true that most of the defendant's answers at the Rule 11 hearing were on the order of "yes" or "no," nevertheless, the trial justice could reasonably infer from the rational and coherent pattern of answers that the defendant was well-informed, knew exactly what he was doing and understood the consequences of his tactical decision. The defendant's clear admissions of guilt without any of the oscillations or evasive utterances that sometimes highlight Rule 11 hearings was another factor to be taken into consideration in the whole factual setting. Here, we note the fullness, preciseness, and accuracy of the colloquy between the court and the defendant, and Boone's complete concurrence with the factual expose of the State's case. Absence of any deficiency in the Rule 11 proceeding is another factor to be taken into account on the question of mental competence at the plea stage. *Cf. Cote v. State, supra,* at 875; *Littlefield v. State, supra,* at 1009. At no time, did the defendant suggest that he had a defense to the charges against him, another factor which the presiding justice may have evaluated in determining the competency of the pleas. *Cf. Gearhart v. United States,* 106 U.S.App.D.C. 270, 273, 272 F.2d 499, 502 (1959).[7]

---

**7.** We note that the defendant did not claim innocence in his personal affidavit supporting his motion to withdraw, although his attorney did it for him in the motion itself.

Although Dr. Saunders, the psychologist, testified as an expert to the effect the defendant was not competent at the time he entered his pleas of nolo contendere, the trial justice was not required to accept this testimony as conclusive. In general, a fact finder is not bound to accept the opinion of an expert, especially in the field of psychology which may not be the most exact of sciences. It is settled law that, with regard to the insanity defense, the fact finder may reject a psychiatrist's expert opinion, even if that opinion is not contradicted by other expert evidence. *State v. Ellingwood*, Me., 409 A.2d 641 (1979); *United States v. Pitts*, 5th Cir., 428 F.2d 534 (1970). Where the record is devoid of the existence of any prior mental and psychological problem affecting the defendant, the trial justice as the fact finder is entitled to draw his own ultimate conclusions based, as in this case, on his own observation of the defendant and the absence throughout the proceedings of any indication in the defendant's conduct of the presence of mental incompetence. *Cf. United States v. Joslin*, D.C.Cir., 434 F.2d 526 (1970); *Abad v. People*, 168 Colo. 202, 450 P.2d 327 (1969); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

The defendant's affidavit to the effect that he was confused at the time he entered his pleas of nolo contendere and that since that time he has been helped by Dr. Saunders to the extent that he now has a clearer state of mind and now knows that he wishes to plead not guilty and have the right to a jury trial is insufficient, in the absence of proof of any factual misapprehension of the law, to compel the grant of his motion for pre-sentence withdrawal of his plea based on such alleged subjective mental state of mind. The court's finding of the defendant's competence at the time he entered his pleas of nolo contendere was properly based on objective historical facts, to which this Court must afford considerable deference. *State v. Cefalo, supra*, at 239.

The entry will be:

Appeal denied.

Judgments affirmed.

All concurring.