JOSEPH L. HOLBROOK
*vs.*
STATE OF MAINE

Kennebec.   Opinion, March 25, 1965.

*Harlan J. Choate,* for Plaintiff.

*Frank Hancock, Atty. Gen.,*
*John W. Benoit, Asst. Atty. Gen.,* for State.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, JJ. MARDEN, J., did not sit. SIDDALL, J., sat at argument, but retired before decision was rendered.

WEBBER, J.   On May 12, 1964 the petitioner filed a petition for the writ of habeas corpus signed by him and verified as required by statute.   A court appointed counsel was duly assigned to represent him.   On July 8, 1964 an amended petition was filed and the original petition was treated as withdrawn.   The amended petition was signed only by counsel.   The verification thereof, however, was signed by the petitioner and his oath thereto was taken. The State seasonably filed a motion to dismiss based upon two grounds, (1) that the amended petition fails to allege valid facts evidencing a basis for the issuance of the writ; and (2) that the amended petition has not been signed as required by law.   The court was furnished a transcript of the record of the information proceedings which culminated in the sentencing of the petitioner and the petition was thereafter dismissed without further hearing.   The matter comes forward on appeal from that order.   The justice below made findings preliminary to his decision and it is apparent that he did not rely upon the second ground for dismissal urged by the State.   In our view the form of the amended petition satisfied the requirements of the statute and we first consider those requirements.   14 M. R. S. A., Sec. 5503 (R. S., 1954, Chap. 126, Sec. 1-B) states in part: "Facts within the personal knowledge of the petitioner * * * must be sworn to affirmatively as true and correct. * * * Amendments when allowed shall be filed in the same manner as an original petition."   The Maine Rules for Proceedings for Post-Conviction Relief, Rule 2 (159 Me. 528), prescribes the form for verification.   The Legislature has wisely made mandatory the requirement of verification, and a lack thereof must be considered a fatal jurisdictional defect.   There is obviously as much reason for requiring

verification of an amendment which recites new facts as for requiring verification of the original petition. We construe the above quoted statutory reference to amendments as imposing the requirement of both the signature of the petitioner and his sworn verification upon any amendment alleging facts. The reason for the rule becomes even more apparent when as in the instant case the original petition is treated as withdrawn and the proceeding continues on the amended petition alone. We conclude, however, that the signature of the petitioner appended to and made a part of a proper form of verification under oath satisfied statutory and jurisdictional requirements and effectively raised issues to be considered by the court.

We therefore turn to an examination of those issues and the basis for dismissal relied upon by the justice below. He found that the allegations set forth in the amended petition were for the most part addressed to matters related to proceedings in the District Court which culminated in a finding of probable cause on which to hold the petitioner for subsequent grand jury consideration. Such irregularities, if any there were, were subsequently cured by the petitioner's waiver and plea of guilty to an information in the Superior Court. Ordinarily post-conviction relief will not reach irregularities alleged to have occurred in felony cases at the District Court level. The reason for the rule was, well stated in *Arrington* v. *Warden* (1963), 232 Md. 672, 195 A. (2nd) 38, in which the court said:

> "To demonstrate that the preliminary hearing was not a critical stage of the trial, it is only necessary to consider what would follow if we were to set aside the conviction, appoint counsel and order a new trial. There would be no preliminary hearing, because the whole purpose of that proceeding was to determine whether to hold the accused for the action of the grand jury. * * * A new trial would therefore be no more than an exercise in futility."

We recognize as did the court in *Arrington* that events occurring at or in connection with the preliminary hearing stage may become significant but only insofar as such events have an "appreciable effect" upon subsequent proceedings at the higher court level. The averments here are not of such a nature as to raise an issue as to such a subsequent "appreciable effect." There was, for example, no plea of guilty at the District Court level which might in some manner have been used adversely to the petitioner in the Superior Court.

In the instant case the petitioner while awaiting grand jury action initiated an information proceeding pursuant to 15 M. R. S. A. Sec. 811 (R. S., 1954, Chap. 147, Sec. 33 as amended). He was afforded the services of court appointed counsel. When he was presented for arraignment, the presiding justice made certain that the petitioner fully understood the charge set forth by information, his right to grand jury consideration, and his right to jury trial if indicted. Having assured himself that the petitioner was fully cognizant of his rights and the effect of a waiver thereof, the presiding justice permitted the filing of waiver and subsequent arraignment. A plea of guilty was then offered and accepted. In the course of these proceedings the following exchange occurred:

> "The Court: 'Was your plea of guilty made because of any threats or promises anyone made to you?'
>
> A.: 'No, your honor.' "

After this colloquy the court was addressed by counsel for the petitioner and by the petitioner himself. These remarks, addressed exclusively to reasons for leniency in sentence, were entirely devoid of any suggestion that waiver or plea had been improperly induced. The petitioner admitted his felonious act which he said occurred while he was intoxicated. The remarks of counsel are of

such a nature as to make it abundantly clear that he had been given no information whatever by his client that would lead him to suppose that the waiver and plea were other than voluntary. The petitioner was thereafter sentenced to serve not less than one nor more than two years in our State Prison. In imposing sentence the presiding justice indicated that he was taking into account the petitioner's "rather extensive criminal record."

By his amended petition for post conviction relief the petitioner asserted, in addition to his claim of irregularities leading to a finding of probable cause at the District Court level, that his plea of guilty to the information was improperly induced. The allegation states:

"(f)  After the hearing held on October 25, 1963 (District Court hearing on probable cause), your Petitioner pleaded guilty on an information charging the offense of forgery. Petitioner contends that this plea of guilty was the result of the threats and coercive measures employed by said William MacDonald, and foregoing allegations. It is further alleged that the said William MacDonald made certain promises regarding probation to your Petitioner and that such statements served to induce your Petitioner to enter the plea of guilty."

As already noted, the justice below caused the record of the information proceedings to be prepared and submitted for his consideration. He thereupon dismissed the petition without further hearing. Petitioner now contends that he was entitled to hearing upon the above quoted allegations charging an inducement to plead. We have not heretofore had occasion to consider whether or not a full evidentiary hearing is mandatory under such conditions as here obtained.

In passing upon the constitutionality of the information statute, we said in part in *Tuttle, Petr.* v. *State of Maine,* 158 Me. 150, 153, 180 A. (2nd) 608, 610:

"R.S. c. 147, sec. 33, as amended, the waiver of indictment statute, affords an *optional and voluntary* procedure to a respondent and not an adversary process or one *in invitum*. A person bound over for an alleged felony not punishable by life imprisonment must be notified by the lower court magistrate of the provisions of this statute and if the accused decides *of his own free will to avail himself of a prompt arraignment,* he may affirmatively and in writing petition the Clerk of the Superior Court to be arraigned on information forthwith or at the earliest opportunity. In open court a Superior Court Justice is obligated to advise the accused of the nature of the offense with which the latter is charged and of the latter's rights to grand jury consideration, presentment or indictment, to jury trial, to counsel, to confrontation, witnesses, to a privilege against self incrimination, etc. Only then in open court and upon the record may the accused waive an indictment and only then may the prosecutor proceed against him by a signed and sworn information containing a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * *By that statute a criminal respondent is deprived of no right. He may appropriate or reject the alternatives afforded. If he accedes to them he is accorded a further and deferred opportunity midway in the arraignment for reconsideration and retrieval.*" (Emphasis supplied.)

It must be emphasized that the petitioner, not the State, initiated the information proceeding as is always the case when resort is had to this process. He does not now contend or suggest that that initiation was other than his own voluntary and independent action. He urges only that he suffered a deprivation of due process of law and of governmental fair play at the moment of pleading. But the record of the proceeding itself clearly reveals that the court in effect offered to him its full protection and accepted his plea only because it was induced to do so by representations

which he now and for the first time says were false. The justice then presiding was as well able to protect the petitioner as is any justice of the court at the post conviction stage. If he had shown the slightest reluctance to plead, no plea would have been accepted. The petitioner had the services of competent counsel to protect him from the consequences of ill considered action. To permit the petitioner now to repudiate the representations by which he induced the court to take an action which the court would not otherwise have taken in a proceeding voluntarily initiated by the petitioner would seriously undermine and jeopardize the entire information process. This process has proved most beneficial to many criminal respondents and should be preserved. It is impossible to imagine what further steps a court could take to assure governmental fair play in the face of stubborn and inexcusable concealment of complaints which the petitioner now says he had to make against police officers. Although we limit our present holding to information proceedings voluntarily initiated and to the peculiar facts of this case, we are satisfied that it was not error for the justice below to dismiss this petition on the basis of the record without further hearing.

No case dealing with the requirement of full evidentiary hearing and involving false representations made by a petitioner adequately represented by counsel to induce a court to take the very action later and at the post conviction stage complained of as a violation of due process has been called' to our attention. We have attempted to assess constitutional requirements with respect to full hearing by examining recent guidelines laid down by the Supreme Court. We think the conduct of the petitioner in the instant case amounts to inexcusable neglect within the spirit although not within the letter of *Fay* v. *Noia* (1963), 372 U. S. 391, 438, 83 S. Ct. 822, 848, in which it was stated:

> "Furthermore, habeas corpus has traditionally been regarded as governed by equitable principles.

\* \* \* Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks. Narrowly circumscribed, in conformity to the historical role of the writ of habeas corpus as an effective and imperative remedy for detentions contrary to fundamental law, the principle is unexceptionable. We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has *deliberately bypassed* the orderly procedure of the state courts and in so doing has forfeited his state court remedies." (Emphasis ours.)

In *Townsend* v. *Sain* (1963), 372 U. S. 293, 317, 83 S. Ct. 745, 759, the court discussed situations in which full evidentiary hearings by federal district judges are or are not mandatory. It was recognized that the record of state court proceedings may be such as to leave no room or necessity for further hearing. Here again it was noted that the conduct of the petitioner may be such as to bar his right to such further hearing. The court said: "The standard of inexcusable default set down in *Fay* v. *Noia* adequately protects the legitimate state interest in orderly criminal procedure, for it does not sanction needless piecemeal presentation of constitutional claims in the form of deliberate bypassing of state procedures." We think the underlying principle has equal application here where, entirely within the state court system, the justice at post conviction stage is compelled to determine whether or not to grant a full evidentiary hearing. The petitioner substituted deliberate concealment and falsehood for the orderly presentation of constitutional claims at the information stage. Assuming the truth of his present allegations, he rendered the court powerless to protect him. We treat the ruling as discretionary and find no abuse of discretion in the face of the record which was produced. See *Commonwealth* v. *Myers* (1962), 406 Pa. 117, 176 A. (2nd) 448.

The petitioner relies in part on *James* v. *State* (1964), 204 A. (2nd) (Me.) 187. In that case, under somewhat similar circumstances, the petitioner had pleaded guilty to an information. In his petition for post conviction relief he alleged that his plea was the result of force and coercion on the part of state officials and that his constitutional rights had thereby been violated. He further alleged that he lacked the intelligence to waive any constitutional right and proceed by information. As in the instant case he had been afforded counsel before pleading to the information and had informed the court that his plea was not induced by fear or the promise of reward. The justice dealing with the petition had before him the record of the information proceeding. He saw fit, the issue of mental capacity having been raised, to hold a full evidentiary hearing. He found that the petitioner had sufficient mental capacity and comprehension to participate intelligently in the information process and that his plea was not improperly induced. We merely reviewed the record and found "ample credible evidence to corroborate his findings." We had no occasion to consider or determine whether or under what circumstances such a petition may be disposed of on the basis of the record of prior proceedings without further hearing. Without doubt there are many cases, of which *James* may well be illustrative, in which it would be preferable to hold a full evidentiary hearing. We are satisfied that nothing in the allegations in the instant case makes such action mandatory.

The entry will be,

*Appeal denied.*