Donald A. JOY

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.
June 6, 1967.

John R. Linnell, Auburn, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellee.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This appeal from dismissal of a petition for writ of habeas corpus under the post-conviction relief act is denied. 14 M.R.S.A. § 5502 et seq.

The petitioner was sentenced in Superior Court upon an information charging assault and battery. He is presently at the State Prison serving a sentence of from two and one-half to five years for assault and battery of a high and aggravated nature. Both at hearing before the Justice below, and on this appeal, the petitioner was represented by counsel appointed by the Court.

First: The information charges that the petitioner "with force and arms and unlawfully, on one Lionel A. Pelletier, feloniously did make an assault and him the said Lionel A. Pelletier then and there did strike, beat, bruise, wound and ill treat, * * *"

The argument that Lionel A. Pelletier and not the petitioner was charged with the crime of assault and battery is without merit. The information, as the Justice below pointed out, "is in the usual form charging assault and battery." No one could possibly mistake the alleged victim for the accused.

Second: The petitioner gains nothing from his contention that the original complaint in the Municipal Court on which he was "bound over" to await action for the grand jury was insufficient or defective and that he was not offered or afforded assistance of counsel at that stage. The proceedings in the Superior Court on the information were de novo. In no way was the petitioner prejudiced by action in the Municipal Court.

"Such irregularities, if any there were, were subsequently cured by the petitioner's waiver and plea of guilty to an information in the Superior Court. Ordinarily post-conviction relief will not reach irregularities alleged to have oc-

curred in felony cases at the District Court level." Holbrook v. State of Maine, 161 Me. 102, 104, 208 A.2d 313.

■ Third: The complaint that the petitioner was coerced into pleading to the information in the Superior Court is also without merit.

The evidence in the case includes the transcript of the arraignment, plea, and sentence complained of, and a stipulation and agreement as follows:

" * * * that the petitioner, if called to testify under oath in the pending matter, would state:

"(1) That in the proceedings before the Municipal Court above referred to he was not offered and did not have the assistance of counsel.

"(2) That while in custody in the county jail awaiting action of the Grand Jury, and before his arraignment on information proceedings, he was punished for an attempted escape from said jail by being placed in solitary confinement with rations limited to bread and water and that he was told by the sheriff that he would be kept on bread and water until he went to court.

"(3) That he was told by the then County Attorney before pleading to said information that if he pleaded guilty thereto he would receive leniency in sentence.

"(4) That while in custody in the county jail as aforesaid he became ill and was removed to the hospital confined by handcuffs and leg irons and that he was roughly handled."

\* \* \* \* \* \*

"The respondents do not admit the factual accusations of the petitioner to be true but rest upon their motion to dismiss and assert that even if they were true, the petitioner would not be entitled to relief as a matter of law."

The Court below set forth clearly the controlling findings and rulings of law up-

on which his judgment was based. The Court said:

"All the other averments, accusations and complaints made by the petitioner here go to the voluntariness of his plea of guilty to the information. [See R.S. 1954, c. 147, § 33 as amended; now Rule 7 Maine Rules of Criminal Procedure]. On this issue the record of the proceedings before the sentencing justice is conclusive. Petitioner was represented by able counsel appointed by the court. Before entertaining the proceedings at all and before the petitioner was permitted to sign the necessary waivers, a long colloquy occurred during which the court heard from both the petitioner and his counsel and assured himself that the petitioner fully understood the nature and consequences of his action and was acting entirely of his own free will. This process was repeated with great care and caution before and after arraignment and plea, the court repeatedly assuring himself from the petitioner's own lips that there had been no inducement by threat, promise or otherwise to induce the action taken by petitioner. Here again *Holbrook* is controlling."

\* \* \* \* \* \*

"The facts in *Holbrook* and the facts in the instant case (even if we were to assume the truth of the proffered testimony by the petitioner as set forth in the pre-trial memorandum) are for all practical purposes indistinguishable. The petitioner's claim that his plea upon arraignment was not voluntarily given in the light of the record of the information proceedings comes too late."

We are in complete accord with the views so expressed below. The entry will be

Appeal denied.

WEBBER and DUFRESNE, JJ., did not sit.