**Ronald V. EATON**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Aug. 25, 1967.

Samuel W. Collins, Rockland, Martha D. Merrill, Union, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

On appeal from denial below of the writ of habeas corpus. The decisive issue was whether or not petitioner, who had upon his arraignment pleaded not guilty, subsequently voluntarily and understandingly changed his plea to guilty so as to produce a lawful and binding conviction. "It (post conviction habeas corpus) is not available to revise an adjudication of guilt upon a plea of guilty entered *freely, knowingly, understandingly and with adequate counsel representation.*" (Emphasis supplied). Hamner v. State (Me.1966), 223 A.2d 532, 534. The record discloses that before he would accept a change of plea, the trial justice carefully interrogated both petitioner and his court appointed counsel in open court and ascertained with certainty that petitioner understood the charge lodged against him, the maximum limits of punishment therefor and all of his rights in respect thereto. He also ascertained from the petitioner himself that in requesting an opportunity to change his plea he did so freely, understandingly and voluntarily. If the petitioner then had any reluctance to take the proposed action, he concealed that fact from the trial justice. "The justice then presiding was as well able to protect the petitioner as is any justice at the post conviction stage. If he had shown the slightest reluctance to plead, no plea would have been accepted." Holbrook v. State of Maine (1965), 161 Me. 102, 108, 208 A.2d 313, 316.

The learned justice below in his decree denying post conviction relief summarized the events leading to the change of plea and his conclusions with respect thereto as follows:

"Prior to arraignment in the Superior Court, out of which the challenged con-

viction resulted, and by which he is in execution of sentence, he was supplied with counsel and the pertinent proceedings before the Superior Court appear in respondent's Exhibit 1, verified by a Court Reporter. The attorney who was appointed to represent the petitioner at that time appeared as a witness and I find that he expressed a willingness to the petitioner to present his case to the jury and do the best he could for him, but that both he and the petitioner were then conscious of the fact that petitioner's brother-in-law, an accomplice, would be testifying against him, and that he had a record in criminal matters which, if disclosed, would prejudice such defense as he might offer. Taking these matters into consideration, it was decided, in which decision petitioner joined, that he would retract his plea of not guilty and enter a plea of guilty, which he did. I find no representation that his attorney induced him to plead guilty upon suggestion of a 'light sentence'.

"Assuming an illegal search of his car, which is not established, and the factual finding that he was not permitted to consult an attorney prior to interrogation, and that he made some admissions in the presence of his brother-in-law while being so interrogated, no evidence illegally obtained from the car or admissions obtained in absence of counsel were used against him. His conviction resulted not from the fruits of such alleged illegalities, but from his considered plea of guilty."

It suffices to say that these findings are fully supported by the evidence and the legal conclusions are in accord with applicable law.

Appeal denied.

MARDEN, J., did not sit.