**Lezime RAYMOND**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

April 2, 1969.

Donald H. Marden, Waterville, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WEBBER, TAPLEY and WEATHERBEE, JJ.

WEBBER, Justice.

This was an appeal from the discharge of the writ of habeas corpus after a full hearing below. Appellant sought to challenge the voluntariness of his plea of "guilty." Although there was no direct allegation of the incompetence of the counsel who represented petitioner at the time his plea was tendered (not the same counsel recently appointed to represent him on this appeal), an effort was made by indirection to relate the voluntariness of the plea to the alleged conduct of counsel in failing to secure a change of venue and in offering assurances as to the probable sentence to be imposed.

At the outset, it must be noted that at the time of retracting his plea of "not guilty" and "not guilty by reason of mental defect or mental disease" and tendering a plea of "guilty," the petitioner was carefully interrogated by the presiding Justice with respect to the voluntariness of this action. He was then represented by competent and experienced counsel of his own choice. He gave unequivocal assurance to the Court that no promises or threats of any kind had been made to him by anyone, including his own counsel, and that he was tendering the new plea of his own free will and with full knowledge of the possible penalties involved. Now and for the first time he seeks to depart from that position and states that he lied to the presiding Justice when he responded to his inquiries.

Under precisely the same circumstances (save only that an information process was involved) we said in Holbrook v. State of Maine, (1965) 161 Me. 102, 107, 208 A.2d 313, "But the record of the proceeding itself clearly reveals that the court in effect offered to him its full protection and accepted his plea only because it was induced to do so by representations which he now and for the first time says were false. The justice then presiding was as well able to protect the petitioner as is any justice of the court at the post conviction stage. If he had shown the slightest reluctance to

plead, no plea would have been accepted. The petitioner had the services of competent counsel to protect him from the consequences of ill considered action. To permit the petitioner now to repudiate the representations by which he induced the court to take an action which the court would not otherwise have taken * * * would seriously undermine and jeopardize the entire information process. * * * It is impossible to imagine what further steps a court could take to assure governmental fair play in the face of stubborn and inexcusable concealment of complaints which the petitioner now says he had to make * * *."

 The principle is as applicable to pleas voluntarily tendered to indictments as to those tendered in the course of the information process. In short, to permit one charged with crime to practice a fraud upon the court and thereafter, long after the case has grown old and stale, seek by post conviction process to reap the benefit of that fraud by forcing the State to trial, would defeat the ends of justice and produce results which would indeed be intolerable. We cannot now anticipate every possible contingency and we do not say that there could be no circumstances under which a petitioner could justify his false representations to induce a court to accept his plea. Conceivably such a respondent might, for example, stand in fear of death or great bodily harm if he responded truthfully. We say only that the burden of proving such justification is indeed a heavy one, and one which this petitioner has failed to sustain.

The finding of the Justice below with respect to the voluntariness of the plea is fully supported by credible evidence and is not clearly erroneous. With respect to the conduct of counsel who acted at the arraignment stage, the Justice below found:

"I find nothing to indicate any lack of suitable and competent representation by (that attorney), whom the petitioner had employed in the past, as well as in these criminal cases."

This finding likewise rests squarely upon the evidence and cannot be disturbed.

The entry will be

Appeal denied.

WILLIAMSON, C. J., and DUFRESNE and MARDEN, JJ., did not sit.