**Alphie GAGNON**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Aug. 28, 1969.

Edward Stern, Bangor, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN and DUFRESNE, JJ.

WEBBER, Justice.

This was an appeal from the denial of the writ of habeas corpus. Appellant is presently serving a sentence of not less than 3 years nor more than 15 years at the Maine State Prison for the crime of breaking, entering and larceny in the nighttime. This sentence was imposed in 1965 upon appellant's plea of guilty to an information. He was then represented by counsel.

■ Counsel representing him on this appeal has faithfully reported to us petitioner's contention that his sentence is illegal in that the maximum portion thereof exceeds statutory limits. We are unable to comprehend the petitioner's contention and must deem it frivolous. The pertinent statute, 17 M.R.S.A. Sec. 2103, provides that the violator "shall be punished by imprisonment for not more than 15 years." The maximum sentence given coincided with the maximum sentence allowed.

It appears that a police search without warrant of the house, in which appellant lived and which was owned by his mother, uncovered incriminating evidence. An accomplice of the appellant also lived in the same dwelling and showed the police the location of some of this evidence. The accomplice subsequently confessed and disclosed the appellant's participation in the crime alleged. Appellant now contends his plea of guilty to the information initiated by him was induced or coerced by his knowledge that the police possessed incriminating evidence which he says was illegally obtained.

■ It is not open to the appellant to make any direct attack on the legality of the search. His guilty plea has effectively intervened. Child v. State (1969) Me., 253 A.2d 691, 694.

■ Appellant seeks here to do indirectly what cannot be done directly by attempting to relate the search and seizure to the voluntariness of his plea. Under well settled principles, however, the findings of the single Justice below will not be disturbed unless clearly erroneous. On the basis of supporting evidence, the Justice found that appellant's plea was knowingly and voluntarily made and that his "decision to plead guilty resulted from (the accomplice's) cooperation with the State." Moreover, the Justice noted that appellant testified that he had some doubts about the legality of the search before he initiated the information or offered a plea to it. He was carefully examined with respect to his plea in the Superior Court. If he entertained the doubts about the voluntariness of his plea which he now expresses, he should have made that known to the Court when he was afforded an opportunity to do so in the Superior Court. Holbrook v. State of Maine (1965) 161 Me. 102, 107, 208 A.2d 313, 316.

Appeal denied.

WEATHERBEE, J., did not sit.

TAPLEY, J., sat at the argument but retired before rendition of decision.