**STATE of Maine**

v.

**Alan W. GILCOTT.**

Supreme Judicial Court of Maine.

Argued Sept. 12, 1980.

Decided Oct. 15, 1980.

Rae Ann French (orally), Asst. Atty. Gen., Consumer and Antitrust Division, Augusta, for plaintiff.

Lund, Wilk, Scott & Goodall, Martin L. Wilk, Augusta (orally), for defendant.

Before GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ., and DUFRESNE, A. R. J.

ROBERTS, Justice.

Upon his plea of guilty in Superior Court, Kennebec County, Alan Gilcott was convicted of theft by deception, 17–A M.R.S.A. § 354, arising out of his overcharging for construction and maintenance work. Seven days after acceptance of his guilty plea, Gilcott moved to withdraw the plea. The court denied that motion and subsequently imposed a five–year prison sentence. With different counsel on appeal, Gilcott contends that the trial court erred in denying the motion for withdrawal of the guilty plea and that the judgment of conviction should be vacated because he was denied adequate assistance of counsel. We affirm the judgment.

The facts of the case were presented at the hearing on acceptance of the plea under M.R.Crim.P. 11. According to the state's evidence, Gilcott was hired by a Dr. Marcotte to do some light work around his house. Dr. Marcotte was ninety–two years old, with several physical infirmities associated with his advanced age. Over a period of three weeks, Gilcott persuaded Dr. Marcotte to undertake several additional projects. For each project, Gilcott demanded and received payment in advance, with the total amount exceeding $18,000. Despite Gilcott's assurances that he was not cheating Dr. Marcotte, most of the work was not completed or even begun, most that was begun was of extremely poor quality, and the work generally was of negligible value and highly overpriced. The money paid was not recovered.

We first address the question of whether the trial court's denial of Gilcott's motion to withdraw his guilty plea requires our reversal of the judgment. Under M.R. Crim.P. 32(d), a motion to withdraw a guilty plea before sentence is imposed is addressed to the sound discretion of the trial court, *State v. Grondin*, Me., 284 A.2d 677, 678–79 (1971). We review the record to determine whether the trial court abused its discretion, *id.*, *State v. Dyer*, Me., 371 A.2d 1079, 1083–84 (1977).

Counsel for Gilcott advocates a liberal standard for granting the motion to withdraw, focusing primarily on the absence of prejudice resulting to the state as the critical factor. Although lack of prejudice to the state is considered by courts in determining whether the motion should be granted, *e. g.*, *United States v. Roberts*, 570 F.2d 999, 1011 (D.C.Cir.1977), that factor is not controlling. *See United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir. 1977). Instead, this Court has looked especially to the record made when the guilty plea was initially entered in reviewing the denial of the motion. *State v. Grondin*, Me., 284 A.2d 677, 678–79 (1971).

In the present case, the trial justice conducted a careful, searching Rule 11 inquiry of Gilcott under oath.[1] The court fully informed Gilcott of the nature of the charges against him and of the rights that he waived by pleading guilty. In response to the court's questions, Gilcott testified that he understood the nature of the crimes and their potential punishment, that he freely entered the guilty plea, and that he was satisfied with his counsel. After the court reviewed the evidence against him, Gilcott pointed out two specific counts in the indictment that he disagreed with, but he admitted the other seven.

Gilcott's reasons for withdrawing his plea were not compelling. He was upset by the publicity given to the case and its impact upon his family. At the hearing on his motion Gilcott stated that his two partners should also have been prosecuted, that he

---

1. Although the defendant was sworn prior to the Rule 11 inquiry, that procedure was unnecessary. We would reach the same result herein had the defendant's responses been unsworn.

pleaded guilty only on the advice of counsel, who allegedly had confused him, that he did not knowingly overcharge Dr. Marcotte, and that he did not believe he was guilty. We find no abuse of discretion in the trial court's failure to be moved by these contentions. The state's decision not to prosecute Gilcott's co–workers does not alter his own responsibility. Gilcott's assertion that he pleaded guilty only on advice of counsel does not necessarily compel relief, especially when, as here, counsel's advice was not misleading. *See Wark v. State*, Me., 266 A.2d 62 (1970). Gilcott's general disclaimer of guilt was unconvincing and contrasted sharply with his admissions at the Rule 11 hearing.

The second issue raised on appeal concerns the adequacy of representation by Gilcott's counsel on the motion to withdraw his prior guilty plea. At the hearing, the court initially asked defense counsel a few preliminary questions concerning the case. The attorney's responses may be fairly read as indicating a lack of enthusiasm for the defendant's motion. The court then invited Gilcott himself to speak. In his ensuing presentation, Gilcott stated that he was misled by his counsel. Following Gilcott's statements, the court asked defense counsel if he had anything to say. Rather than supporting Gilcott's assertions, the attorney defended himself against criticism of his representation and stated that Gilcott's guilty plea was knowingly and voluntarily entered. Agreeing with the attorney, the court denied the motion.

On appeal, Gilcott argues that, rather than speaking against his client, defense counsel had an obligation to support Gilcott's motion or at least to remain silent. Gilcott concludes, therefore, that counsel's failure to do so violated Gilcott's sixth amendment right to adequate assistance of counsel.

 We must determine whether the issue of inadequate assistance of counsel can be reached on this direct appeal. We have previously said that issue normally cannot be raised on direct appeal but, rather, must await post–conviction proceedings. *State v. Call*, Me., 322 A.2d 64, 66 (1974). An exception to the rule applies only where the record clearly establishes representational difficulties that are "plainly beyond explanation or justification." *State v. Dumont*, Me., 379 A.2d 392 (1977). That, Gilcott suggests, is the case here.

 Even though the state, on appeal, concedes that Gilcott's former counsel breached his duty to his client, we cannot agree. The state's concession ignores the attorney's ethical obligation to the court. Counsel have no duty to support a motion having no basis in fact, and, indeed, have an affirmative obligation to inform the court of the falsity of a client's assertions.[2] We cannot determine from the record the accuracy of the statements of either Gilcott or his attorney. Rather than reaching the issue directly, therefore, we permit both the state and the defendant an opportunity to explore issues of fact concerning the claimed inadequate assistance of counsel in a post–conviction proceeding pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1980).

In denying this appeal, however, we do not encourage the trial court to proceed with the disposition of a case when confronted with an obvious dispute between the defendant and his attorney. In the present case, it might have been possible to postpone sentencing until resolution of the conflict. Our decision does not preclude post–conviction challenge to the judgment based either on inadequate assistance of counsel, because we do not reach the issue here, or on the nature of the guilty pleas, because our review on the present record is limited to whether the justice abused his discretion.

The entry is:

Judgment of conviction affirmed.

All concurring.

2. The oath required of attorneys under 4 M.R.S.A. § 806 includes the following:
 *You solemnly* swear that you will do no falsehood nor consent to the doing of any in court, and that if you know of an intention to commit any, you will give knowledge thereof to the justices of the court or some of them that it may be prevented . . . ."
 *See also* Me.Bar R. 3.6(c) and 3.7(e)(1)(i).