**STATE of Maine**

v.

**Anthony L. GOODE.**

Supreme Judicial Court of Maine.

Argued March 6, 1991.
Decided March 27, 1991.

William R. Anderson, Dist. Atty., Gregg N. Door (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Bruce C. Mallonee (orally), Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

COLLINS, Justice.

Anthony L. Goode appeals from his conviction in the Superior Court (Lincoln County, *Cole, J.*) on a plea of guilty of Class A kidnapping in violation of 17–A M.R.S.A. § 301 (1983). Contending that his Rule 11 hearing was defective because the court did not adequately explain to him the elements of the offense charged, he argues that he should have been allowed to withdraw his guilty plea. Because the record is inadequate for a proper review of his claim, we affirm the judgment. *See State v. Kidder*, 302 A.2d 320, 320–321 (Me.1973).

I.

In connection with an incident in which he beat and abducted his girlfriend, Melanie Hebb, Goode was indicted for aggravated assault in violation of 17–A M.R.S.A. § 208 (Class B) (1983) and for kidnapping in violation of 17–A M.R.S.A. § 301 (Class A) (1983).[1] The kidnapping count in the indictment charged, in the alternative, that Goode had knowingly restrained Melanie Hebb with the intent to inflict bodily injury on her or subject her to rape or gross sexual misconduct; with the intent to facilitate his crime of assault or his flight thereafter; or with the intent to interfere with a governmental function, namely the law en-

---

1. Goode does not appeal his conviction on the aggravated assault count.

forcement investigation of his assault of Hebb.

At the Rule 11 hearing, there was an extended colloquy between the court and counsel concerning the applicability of the gross sexual assault statute to the first of the three alternative theories (intent to subject the victim to rape or gross sexual misconduct) charged in the kidnapping count of the indictment. Following that colloquy, the State and Goode's counsel stipulated that the only theory on which he was pleading guilty was that of intent to facilitate the commission of the crime of assault or his flight thereafter. The following exchange then occurred:

> THE COURT: All right. In any event, Mr. Goode, have you discussed this with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You feel that you understand the elements that the State is proceeding on here and what evidence the State has in regard to those elements?
>
> THE DEFENDANT: Yes.

The court did not further inform Goode as to the definitions of the elements of the offense of kidnapping.

After Goode later moved to withdraw his guilty pleas, the court heard argument, but did not hold an evidentiary hearing. The court then denied the motion to withdraw the guilty plea. We review that decision for abuse of discretion. *State v. Comer*, 584 A.2d 638, 639 (Me.1990).

## II.

Goode contends on appeal that his plea was not entered knowingly because the court did not adequately explain to him the meaning of the elements of the offense of kidnapping. A cursory inquiry without explanation fails to meet the requirements that we have spelled out for the entry of a valid guilty plea. *See, e.g., State v. Boone*,

444 A.2d 438, 442 (Me.1982). However, failure of strict compliance with Rule 11 requirements does not render a guilty plea *per se* invalid. The State may demonstrate, at an evidentiary hearing, that the plea was valid despite a defect in the Rule 11 proceeding. *Morgan v. State*, 287 A.2d 592, 607 (Me.1972).[2] That evidentiary hearing may be held either in connection with the motion to withdraw the plea, or in post-conviction review proceedings. We have long since made it clear that we will not consider a claim of constitutional deficiency in the entry of a guilty plea, in the absence of an adequate record developed at such a hearing. *Comer*, 584 A.2d at 642–43; *Kidder*, 302 A.2d at 320–21. No such record is present here.[3]

## III.

We find no merit in Goode's contentions, raised for the first time on appeal, that the prosecution failed to present an adequate factual showing that he could have been found guilty as charged, and that he was improperly deprived of the statutory defense of voluntary release of the victim. *See* 17–A M.R.S.A. § 301(3) (1983). The record amply demonstrates the contrary.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Our past decisions have made it clear that the State bears the burden of proving, at such a hearing, that the plea was knowingly entered. *E.g., Clewley v. State*, 288 A.2d 468, 475 (Me. 1972); *Morgan v. State*, 287 A.2d 592, 606 (Me. 1972); *Cote v. State*, 286 A.2d 868, 875 (Me. 1972).

**3.** Similarly, we decline to consider on direct appeal Goode's arguments concerning the adequacy of his representation by counsel at the hearing on his motion to withdraw his guilty plea. *See State v. Gilcott*, 420 A.2d 1238, 1240 (Me.1980).